UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 19-cv-24774- GAYLES

JESSICA KEATON,

    Plaintiff

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

RHONDA DIETRICH

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

## CARNIVAL'S UNOPPOSED MOTION FOR STAY

Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, and CARNIVAL PLC, (collectively, "Carnival"), by and through its undersigned counsel, moves for entry of a stay in the instant case for 45 days. Carnival previously filed a Motion for Entry of Administrative Order with Chief Judge K. Michael Moore seeking to stay all 149 of Carnival's active federal cases in this District due to the Coronavirus ("COVID-19") pandemic, but on March 23, 2020, the Chief Judge denied the Motion finding it more appropriate for the judge in each matter to consider the issue. (*See* Paperless Order on Motion, ECF No. 26, *Walters v. Carnival Corp.*, No. 1:20-cv-20207-KMM (S.D. Fla. Mar. 23, 2020), attached as **Exhibit A**).

Given the extraordinary impact of the measures being taken by federal, state, and municipal governments to restrict the transmission of COVID-19, and the resulting unprecedented impact on

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

business and society at large, and in particular on the cruise industry, Carnival respectfully requests a 45-day stay, which is necessary to ensure the due process rights of parties and the safety of litigants, their employees, the Court, and the safety of the public at large.

Carnival, which has numerous cases pending in this District, respectfully requests that the Court stay this matter for 45 days, pending further updates on the spread, and additional measures to inhibit the spread, of COVID-19. Carnival has "met and conferred" with all counsel in all cases (if they were available) and the majority of counsel agree to this relief.[1] Carnival met and conferred with Plaintiffs' counsel in the instant matter and they do not object to the 45-day stay sought. Carnival respectfully requests that the Court grant such relief for the following reasons:

Working closely with the United States Government and the Centers for Disease Control (CDC), the primary companies in the cruise ship industry paused operations, as of March 13, 2020. Chief Judge Moore issued S.D. Fla. Administrative Orders No. 2020-18 on March 13, 2020, No. 2020-20 on March 18, 2020, and No. 2020-21 on March 20, 2020, all recognizing limitations in litigation due to the COVID-19 pandemic. (*See* S.D. Fla Administrative Orders No. 2020-18, 2020-20, and 2020-21, attached as **Composite Exhibit B**). The Miami-Dade Courthouse shut down except for emergency matters and has entered a stay and postponement of schedules and deadlines on all but emergency matters. (*See* Fla. 11th Cir. Administrative Orders No. 20-02 and 20-03, attached as **Composite Exhibit C**). In particular, Carnival faces numerous challenges in responding to active litigation as it focuses on the unprecedented action of suspending operations, such as:

---

[1] In 123 out of the 149 cases, there was no objection to the relief sought. Only 7 attorneys did not agree and they represent approximately 24 cases (one such counsel is handing the vast majority, 17, of these cases and has taken the same position in all of his cases).

1. Working with public health officials and closely monitoring the health of all crew who may have been exposed to COVID-19 from guests that have debarked the ship prior to the suspension of service;

2. Managing and provisioning for ships, many of which are not in the home ports at which they normally operate;

3. Securing and maintaining limited access to ships;

4. Determining staffing plans for ships;

5. Implementing shore-side work from home policies, including personnel that did not have telecommuting capability, while at the same time, responding to record call volumes from guests who have been impacted by the disruption;

6. Identifying short-term and long-term operational changes to react to the constantly changing circumstances;

7. Access to witnesses for depositions, hearings, and trials or other fact finding will be difficult and extremely limited given that many will be off contract, return to their foreign homes or involved in other duties as a result of the Coronavirus crises;

8. Access to shore-side personnel (and documents) will also be severely impacted as Carnival transitions to working remotely/off-site during this period;

9. Travel (domestic and international) is restricted;

10. Corporate offices are being transitioned to a remote telecommuting status so both shipboard and shore-side witnesses will be unavailable;

11. Carnival's in-house lawyers and adjusters are primarily working from home as are all of the support staff;

12. Most of Carnival's outside law firms are working remotely as well;

    13.      Ships will not always be in a specific port – they will be moving out to anchorage or shifting berths;

    14.      Not all of the current crew members will remain onboard during the COVID-19 crisis. Some ships may have a greater reduction in force than others.

Concepts of *Force Majeure,* impracticability, and impossibility are applicable to pandemics, epidemics, and quarantines, such as those connected to COVID-19. In a series of orders, the Florida Supreme Court has reacted to the COVID-19 pandemic by suspending all but essential, emergency, and critical proceedings. (*See* Fla. S. Ct. Administrative Orders No. 20-12, 20-13, and 20-15, attached as **Composite Exhibit D**).

Since the entry of S.D. Fla. Administrative Order No. 2020-18, matters have gotten worse. Most offices remain closed, including law firms. Many courts, such as Miami-Dade County have essentially shut down except for emergencies. Travel is either banned or severely restricted. Access to equipment needed to prepare, file, serve, and effectuate pleadings is unavailable. Many lawyers and staff (and court personnel) are working from their homes or on leave. With respect to parties in the Carnival cases before the courts – Carnival is severely restricted in terms of access to facilities, access to employees, ability to meet and communicate, search computer systems, provide witnesses and evidence, and perform the functions a litigant would otherwise perform, but for COVID-19. Likewise, individual parties are also extremely hampered by similar restrictions, prohibitions, quarantine, or self-distancing.

Based on these unprecedented circumstances, where time, energy, and personnel must be devoted to combatting COVID-19, and witnesses and evidence may be extremely difficult, if not impossible, to locate and transport to the site of the judicial proceeding, in addition to the safety of Carnival personnel and its in-house and outside counsel, and the operational restrictions under

which they are operating, it is respectfully requested that a 45-day stay and extensions of all deadlines and schedules be entered in the instant case, to be reevaluated at the conclusion of the stay. A Proposed Order granting this motion for stay is attached as **Exhibit E**. Further, it should also be noted that Carnival has voluntarily extended the one year contractual statute of limitations applicable to passenger litigation through June 12, 2020.

The vast majority of counsel in the Carnival cases agree that a stay for 45 days is entirely reasonable under the circumstances. In short, the COVID-19 crisis appears to be deepening and getting worse, with state and federal governments restricting activities more and more, and things will get worse before they get better. Under these circumstances, a 45-day stay is eminently reasonable.

WHEREFORE, Carnival respectfully requests that this Court grant this motion, enter a 45-day stay and extensions of all deadlines and schedules in this case, and grant any additional relief this Court deems appropriate and just under the circumstances.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Undersigned counsel hereby certifies that they have conferred with counsel for Plaintiff who has advised they have no objection to Carnival's request stated *herein*.

Dated: March 25, 2020
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: /s/ *Darren W. Friedman*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Lauren Rose, Esq. (FBN 115743)
lrose@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard

Miami, FL 33131  
Tel: 305-358-6555 / Fax: 305-374-9077  
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/ *Darren W. Friedman*  
Darren W. Friedman, Esq.

## SERVICE LIST

| | |
|---|---|
| LISA C. GOODMAN, ESQ.<br>lgoodman@hickeylawfirm.com<br>JOHN H. HICKEY, ESQ.<br>Hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>HICKEY LAW FIRM, P.A.<br>1401 Brickell Avenue, Ste. 510<br>Miami, Florida 33131-3504<br>Tel: 305-371-8000<br>Fax: 305-371-3542<br>*Attorneys for the Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>jmaganini@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>Lauren Rose, Esq.<br>Lrose@fflegal.com<br>Pcampo@fflegal.com<br>dfondeur@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Attorneys for Defendant* |